Jeffrey G. Maxwell, ABA #1705026
Barlow Coughran Morales & Josephson, P.S.
1325 Fourth Avenue, Suite 910
Seattle, Washington 98101
(206) 224-9900
jeffreym@bcmjlaw.com

Counsel for Plaintiffs
Alaska Carpenters Trust Funds

UNITED STATES DISTRICT COURT
DISTRICT OF ALASKA

| | |
|---|---|
| ALASKA CARPENTERS HEALTH AND WELFARE TRUST FUND; SOUTHERN ALASKA CARPENTERS RETIREMENT FUND; ALASKA CARPENTERS DEFINED CONTRIBUTION TRUST FUND; and ALASKA REGIONAL COUNCIL OF CARPENTERS APPRENTICESHIP AND TRAINING TRUST FUND, <br><br>                    Plaintiffs,<br>    v.<br><br>ALASKA GLAZING, INC., an Alaska corporation; and MICHAEL MERRILL, an individual,<br><br>                    Defendants. | Case No. 3:22-cv-00195-HRH |

**COMPLAINT FOR MONETARY DAMAGES**

## I. PARTIES

1.1    Plaintiff Alaska Carpenters Health and Welfare Trust Fund (Carpenters Health Trust) is a Taft-Hartley trust fund established to create and administer one or more employee

COMPLAINT FOR MONETARY DAMAGES – 1
3:22-cv-00195-HRH

BARLOW COUGHRAN
MORALES & JOSEPHSON, P.S.
1325 FOURTH AVENUE, SUITE 910
SEATTLE, WA 98101
(206) 224-9900

Case 3:22-cv-00195-HRH   Document 1   Filed 09/07/22   Page 1 of 11

welfare benefit plans for participating employees and their beneficiaries. The Carpenters Health Trust maintains its principal office in Anchorage, Alaska.

1.2     Plaintiff Southern Alaska Carpenters Retirement Fund (Carpenters Retirement Trust) is a Taft-Hartley trust fund established to create and administer one or more employee pension benefit plans for participating employees and their beneficiaries. The Carpenters Retirement Trust maintains its principal office in Anchorage, Alaska.

1.3     Plaintiff Alaska Carpenters Defined Contribution Trust Fund (Carpenters Defined Contribution Trust) is a Taft-Hartley trust fund established to provide an employee pension plan for the participating employees and their beneficiaries. The Carpenters Defined Contribution Trust maintains its principal office in Anchorage, Alaska.

1.4     Plaintiff Alaska Regional Council of Carpenters Apprenticeship and Training Trust Fund (Carpenters Apprenticeship Trust) is a Taft-Hartley trust fund established to provide and maintain the training and education of apprentices and journeymen. The Carpenters Apprenticeship Trust maintains its principal office in Anchorage, Alaska.

1.5     The Plaintiffs are commonly referred to collectively as the Alaska Carpenters Trust Funds.

1.6     Defendant Alaska Glazing, Inc. (Alaska Glazing) is an Alaska corporation with its principal place of business in Anchorage, Alaska.

1.7     Defendant Michael Merrill is an individual who resides in Anchorage, Alaska. Upon information and belief, Defendant Merrill is Alaska Glazing's primary shareholder, President, and Treasurer. Defendant Merrill is also believed to be Alaska Glazing's decision-maker, and responsible for authorizing the payment of the company's bills, including the payment of fringe benefit contributions to the Alaska Carpenters Trust Funds.

COMPLAINT FOR MONETARY DAMAGES – 2
3:22-cv-00195-HRH

BARLOW COUGHRAN
MORALES & JOSEPHSON, P.S.
1325 FOURTH AVENUE, SUITE 910
SEATTLE, WA 98101
(206) 224-9900

Case 3:22-cv-00195-HRH   Document 1   Filed 09/07/22   Page 2 of 11

## II. JURISDICTION AND VENUE

2.1     This Court has exclusive jurisdiction pursuant to §502(e)(1) of the Employee Retirement Income Security Act of 1974 ("ERISA"), codified at 29 U.S.C. §1132(e)(1). This Court has supplemental jurisdiction on the Alaska Carpenters Trust Funds' conversion claim pursuant to 28 U.S.C. §1367.

2.2     Venue in this Court is proper pursuant to §502(e)(2) ERISA, codified at 29 U.S.C. §1132(e)(2).

## III. FACTS

3.1     On January 28, 2022, Keegan Merrill, identifying himself as "Office Manager," executed a Project Agreement on behalf of Alaska Glazing with the Pacific Northwest Regional Council of Carpenters (the "Union") for the Key Bank Building project located at 601 W Fifth Avenue, Anchorage, Alaska. The Project Agreement incorporates by reference the terms and conditions of the *Agreement between Associated General Contractors of Alaska, Inc. and the Pacific Northwest Regional Council of Carpenters (PNWRCC) and affiliated Local Unions*, effective July 15, 2021 – June 30, 2024 (the "Master Labor Agreement"):

> 1. DESIGNATED LABOR AGREEMENT: The Employer adopts and agrees to abide by the following Labor Agreement:
>
> ☒ Alaska Master Labor Agreement Rep by: AGC of AK

3.2     The Master Labor Agreement contains an evergreen clause.

3.3     By becoming party to the Master Labor Agreement, Alaska Glazing agreed to report and make fringe benefit contributions to the Alaska Carpenters Trust Funds. The administration office for the Alaska Carpenters Trust Funds is the collection agent for all contributions owed and payable under the Master Labor Agreement.

COMPLAINT FOR MONETARY DAMAGES – 3
3:22-cv-00195-HRH

BARLOW COUGHRAN
MORALES & JOSEPHSON, P.S.
1325 FOURTH AVENUE, SUITE 910
SEATTLE, WA 98101
(206) 224-9900

Case 3:22-cv-00195-HRH   Document 1   Filed 09/07/22   Page 3 of 11

3.4     The Alaska Carpenters Trust Funds are beneficiaries under the terms of the Project Agreement and the Master Labor Agreement.

3.5     By executing the Project Agreement, as discussed above, Alaska Glazing agreed to the terms of the (i) Alaska Carpenters Health & Welfare Trust Fund; (ii) Alaska Carpenters Defined Contribution Trust; (iii) Southern Alaska Carpenters Defined Benefit Plan; and (iv) Alaska Regional Council of Carpenters Apprenticeship and Training Trust Fund.

3.6     Alaska Glazing's obligations under the Carpenters Health Trust are set forth in Article IX, Sections 1 – 9 of the *Trust Agreement Governing the Alaska Carpenters Health and Welfare Trust Fund*, dated July 14, 2006, and as amended. Under the Carpenters Health Trust, Alaska Glazing agreed to, among other things:

- Submit its reports on or before the due date specified in the trust agreement or as set by the trustees, even if the company had no employees for that period of time;

- Comply with a request to submit any information, data, report or other documents reasonably relevant to and suitable for purposes of administration of the trust, as requested by the trust funds;

- Payment of liquidated damages of twenty percent (20%) on all delinquent contributions;

- Payment of interest of twelve percent (12%) on all delinquent contributions from the due date until the date of payment; and

- Payment of the trust fund's attorney fees, costs of collection, and auditor's fees.

3.7     Alaska Glazing's obligations under the Carpenters Retirement Trust are set forth in Article IX, Sections 1 – 9 of the *Trust Agreement Governing the Southern Alaska Carpenters Retirement Fund*, dated December 9, 1986, and as amended. Under the Carpenters Retirement Trust, Alaska Glazing agreed to, among other things:

COMPLAINT FOR MONETARY DAMAGES – 4
3:22-cv-00195-HRH

BARLOW COUGHRAN
MORALES & JOSEPHSON, P.S.
1325 FOURTH AVENUE, SUITE 910
SEATTLE, WA 98101
(206) 224-9900

Case 3:22-cv-00195-HRH   Document 1   Filed 09/07/22   Page 4 of 11

- Submit its reports on or before the due date specified in the trust agreement or as set by the trustees, even if the company had no employees for that period of time;

- Comply with a request to submit any information, data, report or other documents reasonably relevant to and suitable for purposes of administration of the trust, as requested by the trust funds;

- Payment of liquidated damages of twenty percent (20%) on all delinquent contributions;

- Payment of interest of twelve percent (12%) on all delinquent contributions from the due date until the date of payment; and

- Payment of the trust fund's attorney fees, costs of collection, and auditor's fees.

3.8 Alaska Glazing's obligations under the Carpenters Defined Contribution Trust are set forth in Article II, Sections 7 – 12 of the *Trust Agreement Establishing the Alaska Carpenters Defined Contribution Trust Fund*, dated July 1, 2006, and as amended. Under the Carpenters Defined Contribution Trust, Alaska Glazing agreed to, among other things:

- Submit its reports on or before the due date specified in the trust agreement or as set by the trustees, even if the company had no employees for that period of time;

- Comply with a request to submit any information, data, report or other documents reasonably relevant to and suitable for purposes of administration of the trust, as requested by the trust funds;

- Payment of liquidated damages of twelve percent (12%) on all delinquent contributions;

- Payment of interest of eighteen percent (18%) on all delinquent contributions from the due date until the date of payment; and

- Payment of the trust fund's attorney fees, costs of collection, and auditor's fees.

3.9 Alaska Glazing's obligations under the Carpenters Apprenticeship Trust are set forth in Article II, Sections 7 – 9, and Article IV, Section 4 of the *Trust Agreement the Alaska*

COMPLAINT FOR MONETARY DAMAGES – 5
3:22-cv-00195-HRH

BARLOW COUGHRAN
MORALES & JOSEPHSON, P.S.
1325 FOURTH AVENUE, SUITE 910
SEATTLE, WA 98101
(206) 224-9900

Case 3:22-cv-00195-HRH   Document 1   Filed 09/07/22   Page 5 of 11

*Regional Council of Carpenters Apprenticeship and Training Trust*, dated April 1, 2012. Under the Carpenters Apprenticeship Trust, Alaska Glazing agreed to, among other things:

- Submit its reports on or before the 15th day of the calendar month in which the contributions become payable, even if the company had no employees for that period of time;

- Comply with a request to submit any information, data, report or other documents reasonably relevant to and suitable for purposes of administration of the trust, as requested by the trust funds;

- Payment of liquidated damages of five percent (5%) on all delinquent contributions; and

- Payment of the trust fund's attorney fees, costs of collection, and auditor's fees.

3.10   Upon information and belief, following execution of the Project Agreement, Alaska Glazing used employees on the Key Bank Building project to perform covered work subject to the Master Labor Agreement. Alaska Glazing also began its monthly reporting and payment of fringe benefit contributions to the Alaska Carpenters Trust Funds.

3.11   Alaska Glazing failed to provide the Alaska Carpenters Trust Funds with its monthly employer remittance reports for April through June 2022, plus late fees resulting from the delinquent reporting and payment of fringe benefit contributions for February and March, 2022. On August 8, 2022, written demand was made upon Alaska Glazing for the delinquent reports, fringe benefit contributions, and related late fees.

3.12   On or about August 16, 2022, in response to the Alaska Carpenters Trust Funds' demand, Alaska Glazing provided payment of its late fees relating to February and March, 2022, the company's remittance reports for April through June 2022, and payment of fringe benefit contributions for April 2022.

COMPLAINT FOR MONETARY DAMAGES – 6
3:22-cv-00195-HRH

BARLOW COUGHRAN
MORALES & JOSEPHSON, P.S.
1325 FOURTH AVENUE, SUITE 910
SEATTLE, WA 98101
(206) 224-9900

Case 3:22-cv-00195-HRH   Document 1   Filed 09/07/22   Page 6 of 11

3.13 On August 25, 2022, written demand was made upon Alaska Glazing for its now-delinquent July 2022 remittance report and related fringe benefit contributions, payment of delinquent contributions for May and June 2022, as well as late fees relating to the company's delinquent and/or non-payment of contributions for April through June 2022.

3.14 On or about September 2, 2022, in response to a telephone conversation with Alaska Glazing's owner, Michael Merrill, the company provided the Alaska Carpenters Trust Funds with its unfunded July 2022 remittance report, as well as payment of contributions for the Carpenters Health Trust as reported on its May 2022 remittance report.

3.15 As of the date of this complaint, Alaska Glazing owes the Alaska Carpenters Trust Funds $61,864.98 for the period April 1, 2022 through July 31, 2022, consisting of $47,620.61 in fringe benefit contributions, $12,722.29 in liquidated damages, and $1,522.08 in accrued prejudgment interest. The Alaska Carpenters Trust Funds also claim additional amounts owed representing attorney fees, and costs of collection.

3.16 Upon information and belief, Alaska Glazing's failure to properly report and pay fringe benefit contributions to the Alaska Carpenters Trust Funds is continuing.

## IV. CAUSES OF ACTION

### First Cause of Action
### (Breach of Labor Agreement/Trust Agreement)

4.1 The Alaska Carpenters Trust Funds reallege each and every allegation contained in ¶¶3.1 – 3.16 above.

4.2 Alaska Glazing's failure to properly report and pay fringe benefit contributions constitutes breaches of the terms of the Project Agreement and the Master Labor Agreement between the Union and Alaska Glazing, to which the Alaska Carpenters Trust Funds are

COMPLAINT FOR MONETARY DAMAGES – 7
3:22-cv-00195-HRH

BARLOW COUGHRAN
MORALES & JOSEPHSON, P.S.
1325 FOURTH AVENUE, SUITE 910
SEATTLE, WA 98101
(206) 224-9900

Case 3:22-cv-00195-HRH   Document 1   Filed 09/07/22   Page 7 of 11

beneficiaries. Alaska Glazing's failure to properly report and pay fringe benefit contributions constitutes breaches of the Trust Agreements, the terms of which Alaska Glazing agreed to when it became signatory to the Master Labor Agreement.

4.3 As a result of Alaska Glazing's breaches, the Alaska Carpenters Trust Funds have been damaged in an amount to be proven at trial but not less than $47,620.61 in fringe benefit contributions, plus ancillary charges including liquidated damages, prejudgment interest, attorney fees, and costs of collection.

## Second Cause of Action
## (Violation of ERISA)

4.4 The Alaska Carpenters Trust Funds reallege each and every allegation contained in ¶¶3.1 – 3.16 above.

4.5 Alaska Glazing's failure to report and pay fringe benefit contributions constitutes a violation of §503(a)(3), §515 ERISA, codified at 29 U.S.C. §1132(a)(3), §1145.

4.6 As a result of Alaska Glazing's violation, the Alaska Carpenters Trust Funds have been damaged in an amount to be proven at trial but not less than $47,620.61 in fringe benefit contributions under ERISA, plus ancillary charges including liquidated damages, prejudgment interest, attorney fees, and costs of collection.

## Third Cause of Action
## (Breach of Fiduciary Duty)

4.7 The Alaska Carpenters Trust Funds reallege each and every allegation contained in ¶¶3.1 – 3.16 above.

4.8 As the principal owner and upon information and belief, decision-maker as to Alaska Glazing's finances, Defendant Merrill is responsible for Alaska Glazing's reporting and payment of fringe benefit contributions to the Alaska Carpenters Trust Funds.

COMPLAINT FOR MONETARY DAMAGES – 8
3:22-cv-00195-HRH

BARLOW COUGHRAN
MORALES & JOSEPHSON, P.S.
1325 FOURTH AVENUE, SUITE 910
SEATTLE, WA 98101
(206) 224-9900

Case 3:22-cv-00195-HRH   Document 1   Filed 09/07/22   Page 8 of 11

4.9     Defendant Merrill, for purposes of ERISA, is a fiduciary of trust fund assets, because he exerts control over employee deductions withheld for payment to the Alaska Carpenters Trust Funds.

4.10    Defendant Merrill has failed to turn over trust fund assets, consisting of at least $7,033.56 in employees' defined contribution retirement withholdings to the Alaska Carpenters Trust Funds, despite demand.

4.11    Defendant Merrill's failure to remit trust fund assets are breaches of fiduciary duty under ERISA and those breaches have damaged the Alaska Carpenters Trust Funds in an amount to be determined at trial, but not less than $7,033.56.

## Fourth Cause of Action
### (Conversion)

4.12    The Alaska Carpenters Trust Funds reallege each and every allegation contained in ¶¶3.1 – 3.16 above.

4.13    Defendant Merrill withheld dues from Alaska Glazing's employee paychecks pursuant to the terms of the Master Labor Agreement. However, Defendant Merrill did not remit them to the Alaska Carpenters Trust Funds' administration office with the company's monthly remittance reports.

4.14    Defendant Merrill's actions were performed for and benefitted Alaska Glazing and give rise to a cause of action for conversion.

4.15    Defendant Merrill's failure to remit employee dues deductions to the Alaska Carpenters Trust Funds' administration office has damaged the Carpenters Trusts in an amount to be determined at trial, but not less than $3,004.37.

COMPLAINT FOR MONETARY DAMAGES – 9
3:22-cv-00195-HRH

BARLOW COUGHRAN
MORALES & JOSEPHSON, P.S.
1325 FOURTH AVENUE, SUITE 910
SEATTLE, WA 98101
(206) 224-9900

Case 3:22-cv-00195-HRH   Document 1   Filed 09/07/22   Page 9 of 11

## V. REQUESTED RELIEF

The Plaintiff Alaska Carpenters Trust Funds respectfully request the Court grant the following relief:

A. Entry of an injunction or other equitable relief that enjoins Alaska Glazing from further breaches of the labor and trust agreements to which it is a party; specifically, entry of an order compelling Alaska Glazing to promptly furnish the delinquent monthly employer remittance reports and to timely provide the reports going forward;

B. Judgment in favor of the Alaska Carpenters Trust Funds against Alaska Glazing, in an amount to be determined at trial, but not less than $47,620.61, representing past-due and delinquent fringe benefit contributions owed by Defendant pursuant to the terms of the labor and trust agreements to which Alaska Glazing is a party;

C. Judgment in favor of the Alaska Carpenters Trust Funds against Alaska Glazing, in an amount to be determined at trial, but not less than $12,722.29, representing liquidated damages owed by Defendant pursuant to the terms of the labor and trust agreements to which Alaska Glazing is a party;

D. Judgment in favor of the Alaska Carpenters Trust Funds against Alaska Glazing, in an amount to be determined at trial, representing accrued prejudgment interest owed by Defendant pursuant to the terms of the labor and trust agreements to which Alaska Glazing is a party;

E. Judgment against Defendant Merrill, individually, for joint and several liability with Alaska Glazing in an amount to be determined at trial, but not less than $7,033.56, representing the defined contribution/retirement contributions withheld from employee paychecks and not remitted to the Alaska Carpenters Trust Funds;

F. Judgment against Defendant Merrill, individually, for joint and several liability with Alaska Glazing as an amount to be determined at trial, but not less than $3,004.37, representing the union dues withheld from employee paychecks and not remitted to the Alaska Carpenters Trust Funds;

G. An award of attorney fees of not less than $5,000.00, plus costs of collection, as authorized by the labor and trust agreements to which Alaska Glazing is a party, and as authorized under ERISA;

H. An award of post-judgment interest at the 12% rate specified by the applicable trust agreements, and as authorized under ERISA; and

I. Any other such relief under federal law or as is just and equitable.

COMPLAINT FOR MONETARY DAMAGES – 10
3:22-cv-00195-HRH

BARLOW COUGHRAN
MORALES & JOSEPHSON, P.S.
1325 FOURTH AVENUE, SUITE 910
SEATTLE, WA 98101
(206) 224-9900

Case 3:22-cv-00195-HRH   Document 1   Filed 09/07/22   Page 10 of 11

Dated: September 7, 2022.

                                                 s/ Jeffrey G. Maxwell
Jeffrey G. Maxwell, ABA #1705026
**Barlow Coughran Morales & Josephson, P.S.**
1325 Fourth Avenue, Suite 910
Seattle, Washington 98101
(206) 224-9900
jeffreym@bcmjlaw.com

Counsel for Plaintiffs
Alaska Carpenters Trust Funds

COMPLAINT FOR MONETARY DAMAGES – 11
3:22-cv-00195-HRH

BARLOW COUGHRAN
MORALES & JOSEPHSON, P.S.
1325 FOURTH AVENUE, SUITE 910
SEATTLE, WA 98101
(206) 224-9900

Case 3:22-cv-00195-HRH   Document 1   Filed 09/07/22   Page 11 of 11